UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

MICHAEL J. MCDONALD
and ZSUZSI A. MCDONALD,
       Debtors.
_____/

Case No. 10-35765-dof
Chapter 13 Proceeding
Hon. Daniel S. Opperman

OPINION REGARDING DEBTORS' MOTION FOR ORDER COMPELLING
CHAPTER 13 TRUSTEE TO RECOVER EXCESS MONIES
<u>INCORRECTLY DISTRIBUTED TO CLASS 8 GENERAL UNSECURED CREDITORS</u>

Introduction

The Debtors, Michael and Zsuzsi McDonald ("Debtors"), filed a Motion for Order Compelling Chapter 13 Trustee to Recover Excess Monies Incorrectly Distributed to Class 8 General Unsecured Creditors ("Motion"), seeking an order from this Court compelling the Trustee to recover monies the Debtors believe were improperly paid to their unsecured creditors. The Chapter 13 Trustee, Carl Bekofske ("Trustee"), opposes this Motion and request. The Court heard oral arguments on April 12, 2016, and requested that the Trustee submit a copy of his records regarding the Debtors' Chapter 13 Plan. The Trustee has filed these records and after consideration of the records and arguments of counsel, the Court issues this Opinion.

Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. All issues before this Court emanate from Title 11 of the United States Code and are therefore within this Court's jurisdiction. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (L) (confirmations of plans).

1

Findings of Fact

The Debtors filed a Chapter 13 petition with this Court on October 28, 2010, and their Chapter 13 Plan was confirmed on January 12, 2011. Per the terms of the confirmed Chapter 13 Plan, unsecured creditors were to receive 36% of their claim. Subsequently, on April 17, 2013, the Debtors filed their first Chapter 13 Plan Modification, which reduced their bi-weekly payment to $1,020.95 and reduced the percentage paid to unsecured creditors. Specifically, the Debtors' Chapter 13 Plan Modification stated that the amount paid to unsecured creditors shall "Decrease the minimum required percentage payable to duly filed and allowed Class VIII claims to /at 14.2 percent (%)." No creditor filed an objection to the Debtors' proposed Chapter 13 Plan Modification and by virtue of a Certificate of Non-Response filed with the Court, the terms of the Chapter 13 Plan Modification became effective May 13, 2013. As subsequently reported by the Trustee, the Debtors only had two unsecured creditors who filed claims: BAC Home Loans Servicing, LP and ECMC. The complete history of payments made by the Trustee to these creditors is as follows:

```
BAC HOME LOANS SERVICING, LP      Claim Number 2
Jul 02, 2012   CR    AMOUNTS DISBURSED TO CREDITOR    0765149       460.09
Aug 01, 2012   CR    AMOUNTS DISBURSED TO CREDITOR    0767093       479.71
Sep 04, 2012   CR    AMOUNTS DISBURSED TO CREDITOR    0768982       491.23
Oct 01, 2012   CR    AMOUNTS DISBURSED TO CREDITOR    0770816       481.40
Nov 01, 2012   CR    AMOUNTS DISBURSED TO CREDITOR    0772737     4,107.94
Dec 03, 2012   CR    AMOUNTS DISBURSED TO CREDITOR    0774604       481.40
Jan 02, 2013   CR    AMOUNTS DISBURSED TO CREDITOR    0776424       481.40
Feb 01, 2013   CR    AMOUNTS DISBURSED TO CREDITOR    0778210       481.40
Mar 01, 2013   CR    AMOUNTS DISBURSED TO CREDITOR    0779957       481.40
May 01, 2013   CR    AMOUNTS DISBURSED TO CREDITOR    0783557       469.99

Jul 01, 2013   CR    AMOUNTS DISBURSED TO CREDITOR    0787237     1,390.05
May 01, 2014   CR    AMOUNTS DISBURSED TO CREDITOR    0804094        78.27
Apr 01, 2015   CR    AMOUNTS DISBURSED TO CREDITOR    0820545       285.81
TOTAL FOR BAC HOME LOANS SERVICING, LP                           10,170.09
```

| ECMC | | | Claim Number 5 | |
|---|---|---|---|---|
| Jul 02, 2012 | CR | AMOUNTS DISBURSED TO CREDITOR | 0765005 | 203.71 |
| Aug 01, 2012 | CR | AMOUNTS DISBURSED TO CREDITOR | 0766958 | 212.40 |
| Sep 04, 2012 | CR | AMOUNTS DISBURSED TO CREDITOR | 0768842 | 217.49 |
| Oct 01, 2012 | CR | AMOUNTS DISBURSED TO CREDITOR | 0770673 | 213.14 |
| Nov 01, 2012 | CR | AMOUNTS DISBURSED TO CREDITOR | 0772589 | 1,818.83 |
| Dec 03, 2012 | CR | AMOUNTS DISBURSED TO CREDITOR | 0774460 | 213.15 |
| Jan 02, 2013 | CR | AMOUNTS DISBURSED TO CREDITOR | 0776289 | 213.14 |
| Feb 01, 2013 | CR | AMOUNTS DISBURSED TO CREDITOR | 0778079 | 213.14 |
| Mar 01, 2013 | CR | AMOUNTS DISBURSED TO CREDITOR | 0779825 | 213.14 |
| Mar 23, 2013 | CANP | CANCELLED CHECKS/TO PRINCIPAL | 0779825 | -213.14 |
| Mar 23, 2013 | CRC | AMOUNTS DISBURSED TO CREDITOR  EFT COMPUTER CHECK | 0780412 | 213.14 |
| May 01, 2013 | CR | AMOUNTS DISBURSED TO CREDITOR  EFT | 0783428 | 208.09 |
| Jul 01, 2013 | CR | AMOUNTS DISBURSED TO CREDITOR EFT | 0787103 | 615.47 |
| May 01, 2014 | CR | AMOUNTS DISBURSED TO CREDITOR EFT | 0803974 | 34.66 |
| Apr 01, 2015 | CR | AMOUNTS DISBURSED TO CREDITOR EFT | 0820445 | 126.54 |
| Mar 01, 2016 | CR | AMOUNTS DISBURSED TO CREDITOR EFT | 0834334 | 15.51 |
| Mar 14, 2016 | CANP | CANCELLED CHECKS/TO PRINCIPAL EFT | 0834334 | -15.51 |
| TOTAL TO ECMC | | | | 4,502.90 |

On April 30, 2014, the Debtors filed a Second Proposed Plan Modification to adjust their payment. As to unsecured creditors, their Plan specifically stated: "The only class of creditors impacted by this proposed Plan modification is: Class Eight - General Unsecured Claims. Such class will be impacted as to the amount such class receives shall remain unchanged at a minimum of 14.2%."

On October 19, 2015, the Debtors filed a Third Proposed Plan Modification, this time to excuse the payment of their 2014 tax refund in the amount of $2,587.00. Again, the impact upon the Class Eight unsecured claims was stated as follows: "The only class of creditors impacted by this proposed Plan modification is: Class Eight - General Unsecured Claims. Such class will be impacted as to the amount such class receives shall remain unchanged at a minimum of 14.2% (with 17.93% distributed)."

Since the last Plan Modification, the Debtors are now close to completion of their Chapter 13 Plan payments, but discovered that they do not have sufficient money to pay their secured creditors. The Debtors now seek to have the Trustee recover $3,053.25 because this amount exceeds the 14.2% as the stated minimum in their Chapter 13 Plan, as modified.

In response, the Trustee states that all payments were properly made to the Debtors' creditors and that the only possible method that the unsecured creditors were overpaid results from the Debtors' Chapter 13 Plan Modification, which modified the percentage from 36% to a minimum of 14.2%.

Analysis

The Debtors are certainly free to modify their Chapter 13 Plan within the confines of 11 U.S.C. § 1329, and it appears that in this case the Debtors properly modified their Chapter 13 Plan. The effect of their modification, however, is not as argued by the Debtors.

Each Chapter 13 Plan Modification set a minimum of 14.2%. This is in contrast to the 36% originally proposed by the Debtors and which they appeared to be on target to make during the initial few years of their Chapter 13 proceeding. At no time did the Debtors modify their Chapter 13 Plan to require that the Trustee pay 14.2% as a flat rate. In fact, the last modification of October 19, 2015, acknowledges that the Debtors have already paid their unsecured creditors 17.93%, an affirmation that the 14.2% minimum threshold had been met. By the terms of the Debtors' Plan Modifications, therefore, the Trustee has met his statutory duty to disburse at least 14.2% as a minimum to unsecured creditors.

Assuming arguendo that the Court would read the Plan Modification to require a maximum 14.2% payment to unsecured creditors, this requirement would only come into place upon the May

13, 2013, Certificate of Non-Response regarding the April 30, 2013, Plan Modification. As near as can be calculated from the Trustee's report, more than 14.2% of unsecured claims had been paid prior to May 13, 2013. In fact, the Trustee's report indicates that three payments in July 1, 2013, May 1, 2014, and April 1, 2015, were made to BAC Home Loans and ECMC, which total $1,754.13 for BAC Home Loans and $776.67 for ECMC. These amounts are less than the $3,053.25 sought by the Debtors. Even if the Plan Modification required only 14.2% to be paid to unsecured creditors, the Trustee cannot be charged with the requirement to have foresight to read the Plan Modification as written and hold payments before the Plan Modification was even filed.

For these reasons, the Court denies the Debtors' Motion for Order Compelling Chapter 13 Trustee to Recover Excess Monies Incorrectly Distributed to Class 8 General Unsecured Creditors. Counsel for the Chapter 13 Trustee is directed to prepare an order consistent with this Opinion and the presentment of order procedures of this Court.

**Signed on May 10, 2016**

                                              **/s/ Daniel S. Opperman**
                                              **Daniel S. Opperman**
                                              **United States Bankruptcy Judge**